{¶ 39} I concur with the majority, but write separately to emphasize that this case is distinguishable from Nawrocki, supra. InNawrocki, there was an on-going conflict between the foster mother and the natural mother regarding the child's care. The court ordered the mother, foster mother, and child to counseling and gave "legal custody" to the foster mother under the protective supervision of JFS.
 {¶ 40} R.C. 2151.353 (A)(3) describes "legal custody":
 {¶ 41} "(b) * * * legal custody * * * is intended to be permanent in nature and * * * [the legal custodian] will be responsible as the custodian for the child until the child reaches the age of majority. * * *
 {¶ 42} "(c) * * * the parents of the child have residual parental rights, privileges, and responsibilities, including, but not limited to, the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support.* * *"
 {¶ 43} The court's order in Nawrocki did not grant the foster mother true legal custody as described in the statute. The court expressly anticipated mother would continue to work toward reunification, and did not consider the order a permanent disposition of the case. Regardless of how it characterized it, the court's order essentially continued the status quo foster care order. Nawrocki was an unusual fact pattern, and is clearly distinguishable from the case at bar. *Page 1